IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-01098-B |
| MAKE IDEAS, LLC and KEITH MULLIN, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Doskocil Manufacturing Company, Inc. d/b/a Petmate ("Petmate") brings this action against Defendants Make Ideas, LLC ("Make Ideas") and Keith Mullin ("Mullin") (collectively "Defendants") and seeks relief as follows:

**PARTIES**

1. Plaintiff Petmate is a Delaware corporation with its principal place of business at 2300 East Randol Mill Road, Arlington, Texas 76011.

2. Defendant Make Ideas is a California limited liability corporation with its principal place of business at 7421 Eads Avenue, La Jolla, California 92037. Upon information and belief, Mullin is the sole member of Make Ideas and is a citizen of California.

3. Defendant Mullin is an individual residing at 7421 Eads Avenue, La Jolla, California 92037. Mullin, the founder and president of Make Ideas, personally directed and committed the acts complained of herein. Mr. Mullin has treated his company as his alter ego to

make threats in bad faith and has assumed a unity of interest and control between himself and his company.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This court also has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367 because this action involves claims relating to patents and registered trademarks.

5. This court has personal jurisdiction over Defendants because they have made threats intended to harm Petmate in this district. Further, the Parties voluntarily submitted to the jurisdiction of this court by virtue of the dispute resolution provision in Section 12.2 of the Intellectual Property License and Product Agreement upon which this action is based.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district. Further, the Parties voluntarily selected this venue in Section 12.2 of the Intellectual Property License and Product Agreement.

## FACTS

7. On January 1, 2016, the Parties entered into an Intellectual Property License and Product Agreement ("the License Agreement"). Pursuant to Section 9.1, the License Agreement was effective for a five-year term expiring on December 31, 2020 ("the Term"). The License Agreement at Section 9.1 further permitted two year renewal terms upon mutual agreement of the Parties.

8. The License Agreement at Section 2.1 granted Petmate an exclusive license to use Make Ideas' intellectual property ("Make Ideas' Intellectual Property"), which included U.S. Trademark Serial No. 86420950 for "Breathe Right Ball" ("the Breathe Right Trademark"), U.S. Provisional Patent Application No. 62/280,810 ("the Make Ideas Patent Application"), and a prototype ball provided by Make Ideas ("the Make Ideas Prototype Ball") which allegedly embodied the concept described in the Make Ideas Patent Application.  However, the License Agreement did not require Petmate to use the Make Ideas' Intellectual Property.  As noted at Section 3.3 of the License Agreement, the Parties acknowledged that Petmate already owned several patents which covered a design which could be sold using the Breathe Right Trademark in accordance with the rights granted under the License Agreement.

9. Since Petmate already owned patents and technology which it intended to use to create products sold under the License Agreement, the main purpose of the License Agreement was for Petmate to license the Breathe Right Trademark.  The License Agreement also gave Petmate the right to manufacture the Make Ideas Prototype Ball and/or practice the Make Ideas Patent Application if Petmate chose to do so during the Term.  To account for these additional options, the License Agreement provided a tiered payment structure (the "Royalty") depending upon which of Make Ideas' Intellectual Property Petmate chose to use.  The License Agreement at Section 6.1 provided a base Royalty if Petmate used its own technology to produce a licensed product branded with the Breathe Right Trademark.  The License Agreement at Section 6.1 further provided for the Royalty to increase if Petmate did not use its own technology to produce a licensed product.

10. During the Term, Petmate used its own preexisting technology to produce products branded with the Breathe Right Trademark.  Petmate did not use the Make Ideas

Prototype Ball, practice the concept described in the Make Ideas Patent Application, or use any other of Make Ideas' Intellectual Property. In accordance with Section 6.1 of the License Agreement, Petmate paid Make Ideas a base Royalty on the net sales for all products sold using the Breathe Right Trademark.

11. Petmate obtained various patents during the Term of the License Agreement. All patents were independently invented by Petmate and did not use any Make Ideas Intellectual Property. The patents obtained during the Term include (i) U.S. Patent No. 9,962,864, entitled "Method of Molding Product Having Hollow Interior Region" ("the '864 Patent"), (ii) U.S. Design Patent No. D870,986, entitled "Pet Toy" ("the D'986 Patent"), and (iii) U.S. Design Patent No. D869,105, entitled "Pet Toy" ("the D'105 Patent").

12. Petmate also filed for and/or obtained various trademarks during the Term of the License Agreement. Pursuant to Section 4.1 of the License Agreement, Petmate owns any brands it selects to identify products sold under the License Agreement, *other than* marks with the words "Breathe" *and* "Right." Petmate's trademarks and/or trademark applications filed and/or obtained during the Term include (i) U.S. Trademark Registration No. 5,351,758 for "Run Farther, Fetch Longer" ("the '758 Trademark"), (ii) U.S. Trademark Serial No. 90521385 for "Fetch Hard, Breathe Easy" ("the '385 Trademark Application"), (iii) U.S. Trademark Serial No. 90521344 for "Chuckit! Air" ("the '344 Trademark Application"), (iv) U.S. Trademark Serial No. 90327551 for "Breathe It" ("the '551 Trademark Application"), (v) U.S. Trademark Serial No. 90327546 for "Breathe Easy" ("the '546 Trademark Application"), and (vi) U.S. Trademark Serial No. 90327534 for "Chuckit! Breathe" ("the '534 Trademark Application").

13. In the fourth quarter of 2020 as the Term neared expiration, the Parties attempted to negotiate an extension in accordance with Section 9.1 of the License Agreement. Make Ideas

demanded an increased Royalty and assignment of certain intellectual property owned by Petmate to Make Ideas.  Petmate offered to extend the License Agreement under the same base Royalty.  The Parties did not reach an agreement, so the Parties executed a temporary extension to continue negotiations.

14. On December 28, 2020, Make Ideas and Mullin sent to Petmate in Arlington Texas a threatening letter ("the First Threat Letter").  The First Threat Letter asserted that Petmate had breached the License Agreement by selling products that had not been authorized by Make Ideas.  The First Threat Letter also asserted that Make Ideas is the rightful owner of the '758 Trademark and the '864 Patent.  The First Threat Letter demanded that Petmate assign the '758 Trademark and the '864 Patent to Make Ideas, that Petmate cease and desist all use, manufacturing, marketing, distribution and sales of all products which Make Ideas' asserted were "not licensed", and that Petmate infringed its own '864 Patent and therefore must cease and desist all manufacturing, marketing, distribution and sales of any products that utilize the '864 Patent.

15. On January 27, 2021, Petmate replied to the First Threat Letter.  In response to Make Ideas' and Mullin's demands, Petmate explained that the '758 Trademark is owned by Petmate under the License Agreement because it does not use the words "Breathe" and "Right," that the '864 Patent is owned by Petmate because the concept described therein was developed independently of any of Make Ideas' Intellectual Property, and that Petmate had not breached the License Agreement by selling unauthorized products.

16. On February 28, 2021, Make Ideas and Mullin sent to Petmate in Arlington Texas a second threatening letter ("the Second Threat Letter").  The Second Threat Letter repeated the demands in the First Threat Letter.  In addition, the Second Threat Letter threatened several

actions if the demands were not met, including, that Make Ideas intends to (i) send cease and desist orders to Petmate's physical retailers, demanding the immediate removal of Petmate's products from market shelves, (ii) send cease and desist orders to Petmate's online retailers, demanding that Petmate's products be immediately delisted and removed from online display, (iii) notify the American Pet Products Association ("APPA") regarding Petmate's products and order for Petmate's products to be delisted from the Global Pet Expo and not displayed, (iv) send orders to the U.S. Department of Customs and Border Protection that Petmate's products should be seized and destroyed at U.S. ports of entry, (v) send orders to the U.S. Department of State, Office of Intellectual Property Enforcement and the U.S. Consulate General, China that any Chinese production facility producing Petmate's products be cited in violation and any inventory be destroyed on-site, and (vi) any additional actions that Make Ideas decides to pursue.

17. On March 15, 2021, Make Ideas and Mullin sent to Petmate in Arlington Texas a third threatening letter ("the Third Threat Letter"). In addition to the demands made in the First and Second Threat Letters, the Third Threat Letter asserted that Make Ideas is the rightful owner of various other intellectual property owned by Petmate, including (i) the '385 Trademark Application, (ii) the '344 Trademark Application, (iii) the '551 Trademark Application, (iv) the '546 Trademark Application, (v) the '534 Trademark Application, (vi) the D'986 Patent, and (vii) the D'105 Patent. The Third Threat Letter also demanded that Mullin be added as an inventor of the D'986 Patent and the D'105 Patent. The Third Threat Letter further terminated the License Agreement and threatened a lawsuit against Petmate.

18. On April 6, 2021, Make Ideas and Mullin sent to Petmate in Arlington Texas a fourth threatening letter ("the Fourth Threat Letter"). The Fourth Threat Letter accused Petmate of fraud for Petmate's use of the phrase "Chuckit! Air". The Fourth Threat Letter further stated

that Make Ideas intends to contact Petmate's retailers and the U.S. Patent and Trademark Office regarding the alleged fraud, contact the U.S. Securities and Exchange Commission to report that Petmate is fraudulently reporting assets and property on company financial statements, and contact the Federal Trade Commission, National Advertising Review Board to report that Petmate is advertising products and claiming trademarks which it does not own.

19.     Defendant Mullin personally directed and made the threats in bad faith in the First Threat Letter, the Second Threat Letter, the Third Threat Letter and the Fourth Threat Letter, knowing the License Agreement did not justify the threats.

20.     Due to the repeated threats made against Petmate by the Defendants, Petmate has been forced to file the present action.  Defendants' claims of ownership of Petmate's patents and trademarks threatens Petmate's ability to innovate and sell its products.  Further, if Defendants act on their threats to contact Petmate's business partners and various government organizations, Petmate will be irreparably harmed.  Petmate's suppliers will not know the truth of the accusations asserted by Defendants and will be placed in a difficult position.  The same holds true for the American Pet Products Association, the U.S. Department of Customs and Border Protection, the U.S. Department of State, Office of Intellectual Property Enforcement, the U.S. Consulate General, China, the U.S. Patent and Trademark Office, the U.S. Securities and Exchange Commission and the Federal Trade Commission, National Advertising Review Board. Petmate will also be forced to spend considerable time, effort and money to defend itself against Defendants' baseless accusations and rectify the resulting problems created by Defendants.

## CAUSES OF ACTION

**Count 1: Declaratory Relief as to Breach of Contract**

21. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

22. The License Agreement is a valid and enforceable contract between Petmate and Make Ideas. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas and Mullin allege that Petmate has breached the License Agreement and threaten to take various actions based on the alleged breach.

23. Petmate has performed under the License Agreement.

24. Petmate seeks a declaratory judgment that Petmate has not breached the License Agreement.

**Count 2: Declaratory Relief as to Ownership of Trademark Rights**

25. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

26. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas and Mullin allege that they are the true and correct owner of various Petmate trademarks and/or trademark applications and threaten to take various actions based on such ownership. These trademarks and/or trademark applications include (i) the '758 Trademark, (ii) the '385 Trademark Application, (iii) the '344 Trademark Application, (iv) the '551 Trademark Application, (v) the '546 Trademark Application, and (vi) the '534 Trademark Application.

27. Petmate denies that Make Ideas or Mullin have any ownership rights in the aforementioned trademarks or trademark applications or any other trademarks or trademark

applications applied for by Petmate. The License Agreement at Section 4.1 states that Petmate owns any brands it selects other than marks with the words "Breathe" and "Right."

28. Petmate seeks a declaratory judgment that neither Make Ideas nor Mullin have any rights in any of Petmate's trademarks which do not use the words "Breathe" and "Right".

**Count 3: Declaratory Relief as to Ownership of Patent Rights**

29. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

30. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas and Mullin allege that they are the true and correct owner of various Petmate patents and threaten to take various actions based on such ownership. These patents include the '864 Patent, the D'986 Patent, and the D'105 Patent.

31. Petmate denies that Make Ideas or Mullin has any ownership rights in the aforementioned patents or any other patents or patent applications applied for by Petmate. Petmate has not used any Make Ideas' Intellectual Property to apply for any patent applications or obtain any patents.

32. Petmate seeks a declaratory judgment that neither Make Ideas nor Mullin own any rights in any of Petmate's patents and/or patent applications.

**Count 4: Declaratory Relief as to Patent Infringement**

33. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

34. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas and Mullin allege that Petmate infringes the '864 Patent which Make Ideas asserts that it owns. Make Ideas and Mullin have repeatedly demanded that Petmate cease and

desist any and all manufacturing, marketing, distribution and sales of any products which utilize the '864 Patent.  Make Ideas and Mullin have also repeatedly demanded a reconciliation report detailing any and all Petmate products that practice the '864 Patent.

35. Petmate denies that it can infringe its own '864 Patent and has refused Make Ideas' and Mullin's demands.

36. Petmate seeks a declaratory judgment that it cannot infringe its own '864 Patent.

**Count 5: Declaratory Relief as to Patent Inventorship**

37. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

38. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas and Mullin allege that Mullin should be a named inventor on the D'986 Patent and the D'105 Patent.  Make Ideas and Mullin have demanded that Petmate update the inventorship of these patents.

39. Petmate denies that Mullin should be named as an inventor on any of Petmate's patents or patent applications.  Mullin is not an inventor for any of Petmate's patents or patent applications. Petmate has not used any Make Ideas' Intellectual Property to apply for any patent applications or obtain any patents.

40. Petmate seeks a declaratory judgment that Mullin is not an inventor on any of Petmate's patents or patent applications.

**Count 6: Breach of Contract**

41. Petmate re-alleges and incorporates by reference the foregoing factual allegations of paragraphs 1-20 as if fully set forth herein.

42. The License Agreement is a valid and enforceable contract between Petmate and Make Ideas. According to Section 14.9 of the License Agreement, Make Ideas and Mullin were not allowed to use the Petmate name in promotional materials without the written consent of Petmate. Upon information and belief, Make Ideas and/or Mullin has breached the License Agreement by using Petmate's name in promotional materials without Petmate's written consent. Further, the claims and demands made by Make Ideas and Mullin in the First Threat Letter, the Second Threat Letter, the Third Threat Letter and the Fourth Threat Letter violate the License Agreement's clear confirmation of Petmate's intellectual property rights. Make Ideas and/or Mullin has therefore also breached the License Agreement by refusing to follow the License Agreement's clear intellectual property ownership provisions.

43. Make Ideas and Mullin also breached at least Sections 2.1, 2.5, 4.1, 7.1, 11.1 and 14.7 of the License Agreement by negotiating a royalty or settlement with at least one third party while alleging infringement of Make Ideas IP related to "breathing".

44. The License Agreement at Sections 2.1, 2.5 and 4.1 granted Petmate an *exclusive* license to any such Make Ideas "breathing" IP to the extent it existed.

45. The License Agreement at Section 7.1 warranted that Make Ideas and Mullin would not grant the same rights to any other person or entity.

46. The License Agreement at Section 11.1 granted Petmate the first right to bring a lawsuit for infringement of any Make Ideas IP licensed under the License Agreement. The License Agreement at Section 11.1 further states that "any recoveries therein shall be the property of Petmate".

47. During the Term of the License Agreement, Make Ideas and Mullin secretly threatened at least one third party that Petmate would bring an infringement suit for the sale of

"breathing" products that allegedly infringed Make Ideas IP.  Make Ideas and Mullin then secretly settled the dispute and kept the money for themselves.  Make Ideas and Mullin thus violated Section 11.1 of the License Agreement.  The secret settlement also breached the License Agreement as a retroactive royalty for "breathing" products, thus negating the exclusive license owed to Petmate under Sections 2.1, 2.5 and 4.1 and violating the warranty under Section 7.1 that no other person or entity would be granted the same rights as Petmate.  Make Ideas and Mullin also violated Section 14.7 of the License Agreement by disclosing the License Agreement and its terms to the third party.

48.     Petmate seeks a judgment that Make Ideas has breached the contract by violating the License Agreement.  As a result, Petmate has suffered damages in an amount to be determined at trial.  Petmate's damages include any money that Make Ideas or Mullin collected from third parties by use of the confidential information, including but not limited to, any royalty or settlement for allegedly infringing Make Ideas IP for selling "breathing" products during the Term of the License Agreement.

## ATTORNEY' FEES AND COSTS

49.     Because of Make Ideas' and Mullin's conduct, Petmate has been required to file suit to protect its rights and those of its customers.  In the event that the court grants Petmate the declaratory relief sought herein, Petmate respectfully requests that the court award costs and attorneys' fees as part of such relief pursuant to 28 U.S.C. § 2202.  Alternatively or additionally, Petmate is entitled to recover costs and attorneys' fees pursuant to Section 12.3 of the License Agreement as mutually agreed by the Parties and/or under Tex. Civ. Prac. & Rem. Code § 38.001.

## PRAYER FOR RELIEF

WHEREFORE, Petmate respectfully requests that the court:

A.  enter judgement according to the declaratory relief sought;

B.  award Petmate damages adequate to compensate it for the above-described declaratory relief and breach of contract;

C.  award Petmate its costs in this action;

D.  award Petmate its attorneys' fees in this action; and

E.  enter such other further relief to which Petmate may be entitled as a matter of law or equity, or which the court determines to be just and proper.

## DEMAND FOR JURY

Petmate demands a trial by jury on all issues so triable.