**IN THE UNITED STATES DISTRICT COURT  FOR THE NORTHERN DISTRICT OF TEXAS  DALLAS DIVISION**

| | | |
|---|---|---|
| **DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 3:21-cv-01098-B** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **MAKE IDEAS, LLC and KEITH MULLIN,** | § § § | |
| **Defendants.** | § § | |

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS AND JURY DEMAND**

---

Defendants Make Ideas, LLC ("Make Ideas") and Keith Mullin ("Mullin") (collectively "Defendants") answer Plaintiff Doskocil Manufacturing Company, Inc. d/b/a Petmate's ("Petmate") Amended Complaint in numbered paragraph order corresponding to the numbered paragraphs of Plaintiff's Amended Complaint against Defendants as follows:

**PARTIES**

1.      Defendants lack sufficient information and belief to admit or deny the allegations in Paragraph 1 of Plaintiff's Amended Complaint, and on that basis deny such allegations.

2.      Admitted.

3.     Defendants admit that Defendant Mullin is an individual residing at 7421 Eads Avenue, La Jolla, California 92037 and is the founder and president of Make Ideas, and except as so admitted, Defendants deny the remaining allegations in Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.     Admitted.

5.     Defendants admit that the parties agreed to the jurisdiction of this Court by virtue of the dispute resolution provision in Section 12.2 of the Intellectual Property License and Product Agreement (the "License Agreement"), and except as so admitted, Defendants deny the remaining allegations in Paragraph 5 of the Amended Complaint.

6.     Admitted.

## FACTS

7.     Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that the Initial Term of the License Agreement was for a five-year term expiring on December 31, 2020 (the "Term"). Defendants further admit that Section 9.1 of the License Agreement allowed for two-year renewal terms upon mutual agreement of the parties. Except as so admitted, Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

8.     Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that Section 2.1 of that agreement provides "Make Ideas grants to Petmate an exclusive license to use the Make Ideas Intellectual Property, during the Term, in the Territory, in connection with Licensed Products," and that Paragraph 8 identifies some of the Make Ideas Intellectual Property. Except as so admitted, Defendants deny the remaining allegations in Paragraph 8 of the Amended Complaint.

9.      Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that Section 6.1 of that agreement provides "In consideration of the license grants and assignment of Make Ideas IP, Petmate will pay to Make Ideas royalties equal to two (2) % of Net Sales of Licensed Products (the "Royalty"). In the event that Petmate produces a Licensed Product that is not covered by any claims of the JW Holee Roller Patents, such as a ball with an inner core or a two-part ball formed by joining two halves disclosed in USPTO doc# 62,280,810, the Royalty will be 4%.  Petmate shall furnish to Make Ideas, payments together with a statement ("Royalty Report") to be accurate, reporting of the number of units of Licensed Products sold, identifying such unit sales by each Article or SKU, item number, item name, sales date, sales account name, net sales price, and applicable royalty rate and deduction of Licensed Product. The Royalty Report shall be provided to Licensor via email in Microsoft Excel digital format." Except as so admitted, Defendants deny the remaining allegations in Paragraph 9 of the Amended Complaint.

10.     Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that Section 6.1 of that agreement provides "In consideration of the license grants and assignment of Make Ideas IP, Petmate will pay to Make Ideas royalties equal to two (2) % of Net Sales of Licensed Products (the "Royalty"). In the event that Petmate produces a Licensed Product that is not covered by any claims of the JW Holee Roller Patents, such as a ball with an inner core or a two-part ball formed by joining two halves disclosed in USPTO doc# 62,280,810, the Royalty will be 4%.  Petmate shall furnish to Make Ideas, payments together with a statement ("Royalty Report") to be accurate, reporting of the number of units of Licensed Products sold, identifying such unit sales by each Article or SKU, item number, item name, sales date, sales account name, net sales price, and applicable royalty rate and deduction of Licensed Product. The Royalty Report shall be provided to

Licensor via email in Microsoft Excel digital format." Except as so admitted, Defendants deny the remaining allegations in Paragraph 10 of the Amended Complaint.

11.     Answering Paragraph 11 of the Amended Complaint, Defendants admit that Petmate filed applications for certain patents during the Term of the License Agreement but deny that the patents were independently invented by Petmate and deny the allegation that Petmate did not use any Make Ideas Intellectual Property.

12.     Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that Section 4.1 of that agreement provides "Make Ideas grants to Petmate during the Term an exclusive license to use the marks included in the Make Ideas Intellectual Property, including (without limitation) the names BREATHE RIGHT BALL or any variations thereof, for the Products alone or with other names, and any associated logos, e.g., on packaging, sell sheets, etc. Petmate is under no obligation to use the mark BREATHE RIGHT BALL and may brand the Products in its sole discretion. Petmate shall own any brands it may select to identify the Licensed Products other than marks with the words BREATHE and RIGHT." Defendants deny that Petmate is the owner of the trademarks identified in Paragraph 12 of the Complaint other than the Chuckit! trademark. Except as so admitted, Defendants deny the remaining allegations in Paragraph 12 of the Amended Complaint.

13.     Answering Paragraph 13 of the Amended Complaint, Defendants admit that the parties entered into the License Agreement with an effective date of January 1, 2016, and that Section 9.1 of that agreement provides that "The term of this Agreement ("Term") shall commence on the Effective Date for a five (5) year term and shall expire on 12/31/2020 (the "Initial Term"). Additional two (2) year renewal terms after the Second Renewal Tern can be added upon the mutual agreement of the Parties." Defendants admit that the Parties attempted to negotiate an extension of the License Agreement in accordance with Section 9.1 and

exchanged extension proposals but were unable to reach agreement and instead executed temporary term extensions to continue negotiations.

14.     Answering Paragraph 14 of the Amended Complaint, Defendants admit that Make Ideas sent a Notice of Default letter to Petmate, dated December 28, 2020, in order to protect and enforce its rights under the License Agreement and that the letter identified several defaults by Petmate under the License Agreement. The Notice of Default also gave Petmate an opportunity to cure the defaults and set forth the actions that Make Ideas requested to cure those defaults.

15.     Defendants admit that Petmate's counsel sent a letter to Make Ideas, dated January 27, 2021, and that counsel's letter disagreed with certain assertions in the December 28, 2020 Notice of Default and contended that Petmate had not breached the License Agreement. The remaining allegations in Paragraph 15 consist of legal conclusions on the part of Petmate counsel which do not require and admission or denial, and on that basis, Defendants deny the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Answering Paragraph 16 of the Amended Complaint, Defendants admit that on February 28, 2021, Make Ideas' counsel sent a 16-page response letter to Petmate's counsel which detailed the manner and scope of Petmate's multiple and repetitive breaches of the License Agreement and provided evidentiary support for examples of those breaches. The February 28, 2021 letter did not threaten Petmate with third party action, and instead listed the lawful rights of Make Ideas to address Petmate's wrongful conduct and breaches of the License Agreement unless appropriate corrective action was promptly undertaken by Petmate. The February 28, 2021 letter also contained a settlement proposal to Petmate. Except as so admitted, Defendants deny the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     Answering Paragraph 17 of the Amended Complaint and having received no response to the letter of February 28, 2021, Defendants admit that on March 15, 2021, Make Ideas' counsel sent a Second Notice of Default and a Notice of Termination of the License Agreement to Petmate's counsel. The March 15, 2021 letter expanded on the multiple breaches of the License Agreement committed by Petmate, identified them with particularity and specified the actions required to correct the breaches. The letter did specify Make Ideas' lawful rights under the License Agreement and under federal patent and trademark law applicable to the Petmate breaches.   The letter also stated that the License Agreement would automatically terminate on April 14, 2021. Except as so admitted, Defendants deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18.     Answering Paragraph 18 of the Amended Complaint, and have received no further response from Petmate, Defendants admit that on April 6, 2021, Make Ideas' counsel sent a Third Notice of Default letter to Petmate's counsel which detailed additional and continuing breaches of the License Agreement and violations of federal trademark law on the part of Petmate. Defendants further admit that the April 6, 2021 letter listed the lawful rights of Make Ideas to address Petmate's wrongful conduct and breaches of the License Agreement unless appropriate corrective action was promptly undertaken by Petmate.

19.     Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

20.     Defendants lack sufficient information and belief to admit or deny the allegations of Paragraph 20 of the Amended Complaint, and on that basis, deny such allegations.

## COUNT ONE

## DECLARATORY RELIEF AS TO BREACH OF CONTRACT

21.     Defendants repeat and incorporate their Responses to Paragraphs 1-20 as if fully set forth herein.

22.     Answering Paragraph 22 of the Amended Complaint, Defendants admit that the License Agreement is a valid and enforceable contract between Petmate and Make Ideas and that there is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas alleges that Petmate has breached the License Agreement and wrongfully used Make Ideas Intellectual Property and that Make Ideas intends to enforce its lawful rights under the License Agreement.

23.     Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

24.     Defendants admit that Petmate seeks a declaratory judgment that it has not breached the License Agreement but deny Petmate's entitlement to such relief in Paragraph 24 of the Amended Complaint.

## COUNT TWO

## DECLARATORY RELIEF AS TO OWNERSHIP OF TRADEMARK RIGHTS

25.     Defendants repeat and incorporate their Responses to Paragraphs 1-24 as if fully set forth herein.

26.     Answering Paragraph 26 of the Amended Compliant, Defendants admit that there is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas contends that it is the true and correct owner of the Trademarks and Trademark Applications referenced in Paragraph 26 and that Petmate disputes said ownership.

27.     Defendants admit that Petmate contends that Defendants do not have ownership rights in the Trademarks and Trademark Applications referenced in Paragraph 26 or in any other trademarks or trademark applications applied for by Petmate but deny Petmate's contention. Except as so admitted, Defendants deny the remaining the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants admit that Petmate seeks a declaratory judgment that neither Make

Ideas or Keith Mullin have any rights in of Petmate's rights it selects other than marks with the words "Breathe" and "Right", but deny Petmate's entitlement to such relief in Paragraph 28 of the Amended Complaint.

## COUNT THREE

## DECLARATORY RELIEF AS TO OWNERSHIP OF PATENT RIGHTS

29.     Defendants repeat and incorporate their Responses to Paragraphs 1-28 as if fully set forth herein.

30.     Answering Paragraph 30 of the Amended Complaint, Defendants admit that there is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas contends that it is the true and correct owner of various Petmate patents, and specifically the '864 Patent, the D'986 Patent and the D'105 Patent and admit that Make Ideas has apprised Petmate of its ownership rights.

31.     Defendants admit that Petmate contends that Defendants do not have any ownership rights in the certain patents, or any other patents or patent applications applied for by Petmate, but Defendants deny Petmate's contention. Except as so admitted, Defendants deny the remaining the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants admit that Petmate seeks a declaratory judgment that neither Make Ideas or Keith Mullin has any rights in any of Petmate's patents and/or patent applications but deny Petmate's entitlement to such relief in Paragraph 32 of the Amended Complaint.

## COUNT FOUR

## DECLARATORY RELIEF AS TO PATENT INFRINGEMENT

33.     Defendants repeat and incorporate their Responses to Paragraphs 1-32 as if fully set forth herein.

34.     Answering Paragraph 34 of the Amended Complaint, Defendants admit that there

is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas contends that Petmate infringes the '864 Patent and that Make Ideas the true and correct owner of the '864 Patent. Make Ideas admits that it has apprised Petmate of its ownership rights and that it intends to lawfully enforce those rights.

35.     Defendants admit that Petmate contends that it cannot infringe the '864 Patent and that Petmate has refused to recognize Make Idea's rights in that patent. Except as so admitted, Defendants deny the remaining the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants admit that Petmate seeks a declaratory judgment that it cannot infringe the '864 Patent but deny Petmate's entitlement to such relief in Paragraph 36 of the Amended Complaint.

## COUNT FIVE

## DECLARATORY RELIEF AS TO PATENT INVENTORSHIP

37.     Defendants repeat and incorporate their Responses to Paragraphs 1-36 as if fully set forth herein.

38.     Answering Paragraph 38 of the Amended Complaint, Defendants admit that there is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Make Ideas contends that that Defendant Mullin should be named as an inventor on the D'986 Patent and the D'105 Patent and that Defendants have requested Petmate to correct and update the inventorship of these patents.

39.     Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants admit that Petmate seeks a declaratory judgment that Keith Mullin is not an inventor on any of Petmate's patents or patent applications but deny Petmate's entitlement to such relief in Paragraph 40 of the Amended Complaint.

## COUNT SIX

## BREACH OF CONTRACT

41.     Defendants repeat and incorporate their Responses to paragraphs 1-20 as if fully set forth herein.

42.     Defendants admit that the License Agreement is a valid and enforceable contract between Petmate and Make Ideas. Except as so admitted, Defendants deny the remaining the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants admit that Sections 2.1, 2.5 and 4.1 of the License Agreement contained a grant of an exclusive license to use Make Ideas Intellectual Property during the Term, in the Territory, in connection with the Licensed Products, to market and sell all Licensed Products in all channels including online sales, and to use the marks included in the Make Ideas Intellectual Property during the Term. Except as so admitted, Defendants deny the remaining allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegation in Paragraph 46 that Petmate was granted a "first" right to bring a lawsuit for infringement in Section 11.1 of the License Agreement. Except as so denied, Defendants admit the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants admit that Make Ideas advised a third party that it had marketed and sold breathing support products that infringed certain Make Ideas Intellectual Property without authorization and that Petmate could bring an infringement action against the third party. Make Ideas admits that a small sum was paid by the third party to settle this dispute, but that occurred after the Term of the License Agreement expired. Except as so admitted, Defendants deny the remaining allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

## ATTORNEY'S FEES AND COSTS

49.     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny all other allegations in the Amended Complaint not previously admitted, controverted, or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      As a first and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that each cause of action fails to state facts sufficient to constitute a cause of action against them upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      As a second and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Petmate's Amended Complaint is barred because there was a partial failure of consideration for the Agreement alleged in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

3.      As a third and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Petmate's Complaint is barred in whole or in part due to the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Petmate's Amended Complaint is barred in whole or in part due to the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that there were no legally cognizable duty owed by Defendants to Petmate.

## SIXTH AFFIRMATIVE DEFENSE

6.      As a sixth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Petmate's Amended Complaint is barred in whole or in part because Defendants' alleged conduct was excused.

## SEVENTH AFFIRMATIVE DEFENSE

7.      As a seventh and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Petmate's recovery, if any, is barred and/or necessarily reduced by its failure to mitigate any damages suffered.

## EIGHTH AFFIRMATIVE DEFENSE

8.      As an eighth and separate affirmative defense to the Amended Complaint and all causes of action contained therein seeking damages, Petmate's recovery, if any, is limited and/or necessarily reduced pursuant to Section 8.1 of the License Agreement.

## NINTH AFFIRMATIVE DEFENSE

9.      As a ninth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, no conduct by or attributable to Defendants were either the cause in fact or the proximate cause of the damages alleged by Petmate.  Rather, the damages alleged by Petmate were caused, either in whole or in part, by Petmate's own acts or omissions or the acts or omissions of persons or entities other than Defendants.  Petmate's damages, if any, must be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

10.     As a tenth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to Defendants at the time that it so acted.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh and separate affirmative defense to the Amended Complaint, and all causes of action contained therein, Defendants allege upon information and belief that Petmate has not suffered any damages as a result of any actions taken by defendants, and Petmate is therefore, barred from asserting any cause of action against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Defendants were justified in doing any and/or all of the acts alleged in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that Defendants were privileged in doing any and/or all of the acts alleged in the Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth  and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that by virtue of the acts Petmate, and/or the persons and/or entities acting on its behalf, Petmate is barred from prosecuting the purported causes of action set forth in the Complaint because of a failure of Petmate, and/or the persons and/or entities acting on its behalf, to perform all or any conditions, whether precedent,

concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a fifteenth and separate affirmative defense to the Amended Complaint and all causes of action contained therein, Defendants allege that they have incurred damages by reason of Petmate's conduct and that they have a right of offset to any amount of monies allegedly owed to Petmate way of damages.

### AFFIRMATIVE DEFENSE RESERVATION

Defendants reserve their right to supplement their Answer, including but not limited to adding additional affirmative defenses once initial discovery has been conducted.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Make Ideas asserts the following Counterclaims against Petmate:

### THE PARTIES

1.     Defendant Make Ideas is a California limited liability corporation with its principal place of business at 7421 Eads Avenue, La Jolla, California 92037. Defendant Keith Mullin is the sole member of Make Ideas and is a citizen of California.

2.     Plaintiff Petmate is a Delaware corporation with its principal place of business at 2300 East Randol Mill Road, Arlington, Texas 76011.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367 because this action involves claims relating to patents and registered trademarks.  This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000,

exclusive of interest and costs.

4.     This Court has personal jurisdiction over Petmate.

5.     Venue over these Counterclaims is proper in this district because a substantial

portion of the actions and omissions giving rise to these Counterclaims occurred in this district

and the parties agreed on venue in this district in Section 12.2 of the License Agreement.

## COUNT ONE

## BREACH OF LICENSE AGREEMENT

6.     Make Ideas and Mullin repeat and incorporate by reference the  allegations in

Paragraphs 1 through 5 of the Counterclaims as if fully set forth herein.

7.     Petmate has breached various provisions of the License Agreement with Make

Ideas in at least the following ways:

(a)     manufacturing Products during the Term and after the Term of the License

Agreement that contain, reflect or reference one or more aspects of Make Ideas Intellectual

Property and marketing and selling those products (such as the JW Holee Bone for example), yet

failing to pay to Make Ideas the royalties on the sale of those products as required by Section 6.1

of the License Agreement;

(b)     manufacturing, marketing, and selling products that contain, reflect or

reference one or more aspects of Make Ideas Intellectual Property after the termination of the

License Agreement in April 2021 without permission, license, or authority from Make Ideas in

violation of Section 9.6 of the License Agreement (examples of such unlicensed products are the

Fetch Football, Fetch Wheel. Fetch Bumper, Fetch Ball and Fetch Stick products manufactured

after the termination of the License Agreement.);

(c)     filing and prosecuting patent applications and obtaining patents during the

Term of the License Agreement and continuing to claim exclusive ownership of those

applications and patents following the termination of the License Agreement in violation of Section 3.1 of the License Agreement. (examples of misappropriated patents include the '864 Patent, the D'986 Patent, the D'105 Patent and U.S. Pat. No. 10,919,185);

(d)     filing and prosecuting trademark applications and obtaining federal trademark registrations and continuing to claim exclusive ownership of those applications and registrations which contain Make Ideas Intellectual Property following the termination of the License Agreement in violation of Sections 3.1, and 9.6 of the License Agreement. (examples of misappropriated trademark applications and registrations include the '758 Trademark, the '385 Trademark Application, the '344 Trademark Application, the '551 Trademark Application, the '546 Trademark Application and the '534 Trademark Application);

(e)     not assigning and returning back to Make Ideas after the termination of the License Agreement fabricated physical prototypes of License Products, product designs (including the Latticework Design Pattern) and other  Make Ideas Intellectual Property other than intellectual property independently created by Petmate in violation of Section 9.6 of the License Agreement after its termination;

8.     As a direct and proximate result of the aforementioned breaches of the License Agreement, Make Ideas has suffered direct damages in an amount to be proven at trial, but in any event well in excess of $75,000.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(c))

9.     Make Ideas repeats and incorporates by reference its allegations in Paragraphs 1 through 8 of its Counterclaims as if fully set forth herein.

10.     Make Ideas has adopted and used in U.S. commerce the marks that are the subject

of a number of trademark applications and a trademark registration to which Petmate is wrongfully claiming exclusive ownership following the termination of the License Agreement. Examples of misappropriated trademark applications and a trademark registration include the '758 Trademark, the '385 Trademark Application, the '344 Trademark Application, the '551 Trademark Application, the '546 Trademark Application and the '534 Trademark Application (the "Make Ideas Marks")

11.     These Make Ideas Marks that contain Make Ideas Intellectual Property have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Make Ideas.

12.     Petmate continues to prosecute the applications for the Make Ideas Marks following the termination of the License Agreement and is claiming that it is the exclusive owner of the Make Ideas Marks in violation of Sections 3.1, and 9.6 of the License Agreement. Petmate is using the Make Ideas Breathe Right® Trademark, Reg. No. 5,281,295 and  the mark in  the '344 Trademark Application of the Make Ideas Marks in U.S. commerce to manufacture, use, advertise, offer, and provide competing pet related goods and services that contain Make Ideas Intellectual Property that are not under license from Make Ideas in violation of Sections 3.1 and 9.6 of the License Agreement.

13.     Through its adoption and continued willful use of the Make Ideas Marks, or of marks which are confusingly similar thereto, in connection with related pet goods and services that are identical to, similar to, or related to, or within the zone of natural expansion of those offered by Make Ideas. Petmate has knowingly caused goods and/or services to enter into commerce with a false designation of origin, false and/or misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion,

misrepresents the nature, characteristics, qualities and origin of Petmate's goods and services, and related commercial activities, in violation of 15 U.S.C. § 1125(a).

14.    This false designation of origin has caused and continues to cause irreparable damage to Make Ideas, and it deceives its customers and the public.

15.    Petmate's unlawful acts have caused irreparable injury to Make Ideas, and will, unless restrained, further impair, if not destroy, the Make Ideas Marks and their goodwill, and Make Ideas has no adequate remedy at law.

16.    Make Ideas is entitled to an injunction restraining and enjoining Petmate and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Breathe Right® mark, or the Make Ideas Marks, and any colorable imitation thereof for products manufactured after the termination of the License Agreement.

17.    Make Ideas is also entitled to recover (i) Petmate's profits, (ii) Make Ideas' ascertainable damages, (iii) preliminary and permanent injunctive relief prohibiting Petmate's acts of unfair competition and (iv) Make Ideas' costs of suit. Petmate's willful use of the Make Ideas Marks without excuse or justification entitles Make Ideas to its reasonable attorneys' fees.

## COUNT THREE

## COPYRIGHT INFRINGEMENT

### (16 U.S.C. § 101 *et seq.*)

18.    Make Ideas repeats and incorporates by reference its allegations in Paragraphs 1 through 8 of its Counterclaims as if fully set forth herein.

19.    Make Ideas is the author, publisher and claimant of the Breathe Right Book, Vol. 2 which includes, without limitation, the Breathe Right Method of Use and a list of specific examples of the various benefits and advantages of Breathe Right products and their design and

the Breathe Right Method of Use.

20.     Make Ideas' Breathe Right Book, Vol. 2 is currently registered with the U.S. Copyright Office with an effective date of registration of April 15, 2021. (the "Breathe Right Copyright").

21.     To provide notice to others of its ownership of the copyrighted work, Make Ideas has routinely affixed copyright notices where appropriate.

22.     Upon information and belief, following the termination of the License Agreement and without Make Ideas' consent, Petmate copied and/or caused others to copy protectable elements of the Breathe Right Copyright onto product packaging, marketing materials, advertisements, and other product-related items, and disseminated such infringing copies to members of the public for Petmate's profit.

23.     Upon information and belief, Petmate has infringed Make Ideas' Breathe Right Copyright by creating, making, using and/or developing infringing and/or derivative works from the Breathe Right Copyright and by reproducing, and/or distributing infringing copies and/or derivative works through product packaging, marketing materials, advertisements, internet advertising and other product-related items thereof.

24.     Upon information and belief, examples of Petmate's copyright infringement include, without limitation, Petmate webpages for the Chuckit! Breathe Right or Chuckit! Air Fetch Ball, the Chuckit! Breathe Right Bumper, the Chuckit! Breathe Right Fetch Wheel, the Chuckit! Breathe Right Fetch Stick and the Chuckit! Breathe Right Fetch Football, together with Amazon.com and Chewy.com Petmate designated webpages for the Chuckit! Breathe Right and or Chuckit! Air products stated above.

25.     Each of Petmate's copying and distribution of substantially similar versions of the Breathe Right Copyright violates Make Ideas' exclusive rights under the Copyright Act, 15

U.S.C. § 106, including the exclusive rights to produce, reproduce, and distribute copies of the Breathe Right Copyright, and to create derivative works used on product packaging, marketing materials, advertisements, and other product-related items,

26.     Each of Petmate's copying and distribution of substantially similar versions of the Breathe Right Copyright constitutes a willful act of copyright infringement.

27.     Petmate's use of the Breathe Right Copyright is a violation of 41 U.S.C. § 1125(a)(1), misleading and confusing consumers to believe that Petmate is the owner of the Breathe Right Copyright and all products associated therewith.

28.     Due to Petmate's acts of infringement, Make Ideas has suffered damages in an amount to be established at trial.

29.     Due to Petmate's acts of infringement as alleged herein, Petmate has received profits it would not otherwise have realized but for its infringement of the Breathe Right Copyright. As such, Make Ideas is entitled to statutory damages and/or disgorgement of Petmate's profits attributable to the infringement of the Breathe Right Copyright in an amount to be established at trial.

30.     Upon information and belief, Petmate has infringed Make Ideas' copyrights with actual or constructive knowledge of Make Ideas' rights such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

31.     Each of Petmate's acts of copyright infringement has caused and is causing irreparable injury to Make Ideas for which there is no adequate remedy at law. Make Ideas will continue to suffer irreparable harm unless this Court restrains Petmate from infringing the Breathe Right Copyright. Accordingly, Make Ideas is entitled to preliminary and permanent injunctive relief prohibiting Petmate's acts of copyright infringement pursuant to 17 U.S.C. § 502(a).

32.    Make Ideas is entitled to an award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

33.    In view of the foregoing, Petmate has infringed and continue to infringe the Breathe Right Copyright in violation of the Lanham Act, U.S.C. § 1114.

## COUNT FOUR

## (CORRECTION OF INVENTORSHIP OF THE D869,105 AND D870,986 PATENTS UNDER 35 U.S.C. § 256)

34.    Keith Mullin repeats and incorporates by reference the allegations in Paragraphs 1 through 8 of the Counterclaims as of set forth in full herein.

35.    Upon information and belief, Petmate, through its patent attorneys and agents, filed applications with the USPTO for issuance of one or more United States patents.  The USPTO eventually granted two (2) of these applications resulting in, but not limited to, the D869,105 Patent (the "'105 Patent") and the D870,986 Patent (the "'986 Patent").  These patents were based on the conception of the invention and work authored by Keith Mullin.

36.    Based upon his activities, contributions, and inventorship prior to the filing date of the '105 Patent and '986 Patent, and prior to the filing dates of their underlying U.S. Patent Applications as specified herein, Keith Mullin should have been listed as an inventor of the '105 Patent and the '986 Patent.

37.    Keith Mullin contributed substantially to the conception of the invention forming the subject matter of the '105 Patent and the '986 Patent.

38.    Keith Mullin provided the named inventors of the '105 Patent and the '986 Patent with data, ideas, designs, insights, materials, and technologies that were not then publicly available and were known only to Keith Mullin and that were the product of Keith Mullin's own research, designs and invention.  Indeed, the subject matter of the '105 Patent and the '986

Patent would have been impossible without Keith Mullin's unique contribution at the time of his participation in the inventive process.

39.     Keith Mullin was wrongfully not named as an inventor on the subject matter of the '105 Patent and the '986 Patent.

40.     That omission arose without any deceptive intention of Keith Mullin.

41.     The subject matter of the '105 Patent and the '986 Patent should be corrected such that Keith Mullin is named as an inventor thereon, and Keith Mullin should be accorded any other remedies due him under U.S. patent law.

## COUNT FIVE

## DECLARATORY RELIEF AS TO OWNERSHIP OF TRADEMARK RIGHTS

42.     Make Ideas and Mullin repeat and incorporate by reference their allegations in Paragraphs 1 through 41 as if fully set forth herein.

43.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Petmate alleges that it is the true and correct owner of various Make Ideas Marks. These trademarks and/or trademark applications include (i) the '758 Trademark, (ii) the '385 Trademark Application, (iii) the '344 Trademark Application, (iv) the '551 Trademark Application, (v) the '546 Trademark Application, and (vi) the '534 Trademark Application.

44.     Make Ideas and Mullin allege that they are the true and correct owners of the Make Ideas Marks and deny that Petmate has any ownership rights in the Make Ideas Marks.

45.     Make Ideas and Mullin seek a declaratory judgment that they are the true and correct owners of the Make Ideas Marks and that Petmate has no rights to any of the Make Ideas Marks.

## COUNT SIX

### DECLARATORY RELIEF AS TO OWNERSHIP OF PATENT RIGHTS

46.     Make Ideas and Mullin repeat and incorporate by reference their allegations in Paragraphs 1 through 41 as if fully set forth herein.

47.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 in that Petmate alleges that it is the true and correct owner of various patents and threatens to take various actions based on such ownership. These patents include the '864 Patent, the D'986 Patent, the D'105 Patent and U.S. Pat. No. 10,919,185.

48.     Make Ideas and Mullin allege that they are the true and correct owners of the patents in dispute and deny that Petmate has any ownership rights in the aforementioned patents, or any other patents or patent applications applied for by Make Ideas or Mullin.

49.     Make Ideas and Mullin seek a declaratory judgment that they are the true and correct owners of the patents in dispute and that Petmate has no rights to any of the patents in dispute.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray that this Court will:

1.     Judgment in favor of Make Ideas and Keith Mullin on all causes of action in the Amended Complaint and that Petmate take nothing by reason of its Amended Complaint;

2.     Direct damages for Petmate's breach of the License Agreement according to proof;

3.     General and compensatory damages according to proof;

4.     Damages according to proof with respect to Petmate's infringement of Make Ideas trademarks and copyrights and Petmate's acts of unfair competition;

5.     Disgorgement of Petmate's profits;

6.  Preliminary and permanent injunctive relief;

7.  Judgment according to the declaratory relief sought;

8.  Attorneys' fees pursuant to statutes and contract;

9.  Costs of suit; and

10.  Such other and further relief as the Court may deem to be just and proper.


Dated: January 25, 2023      Respectfully Submitted,

By:   */s/ Robert J. Yorio*
    Robert J. Yorio
    California State Bar No. 93178
    Carr & Ferrell LLP
    411 Borel Avenue, Suite 603
    San Mateo, CA 94402
    Tel.: (650) 812-3400 | Fax: (650) 812-3444
    Email: yorio@carrferrell.com

    Andrew Thompson Gorham
    State Bar No. 24012715
    GILLAM & SMITH, L.L.P.
    102 N. College, Suite 800
    Tyler, Texas 75702
    Tel: (903) 934-8450 | Fax: (903) 934-9257
    Email: tom@gillamsmithlaw.com

    *Attorneys for Defendants*
    *MAKE IDEAS, LLC AND KEITH MULLIN*

DEMAND FOR JURY TRIAL

Make Ideas demands a trial by jury on all issues so triable.

Dated: January 25, 2023                    Respectfully Submitted,

By: _____/s/ Robert J. Yorio_____

Robert J. Yorio
California State Bar No. 93178
Carr & Ferrell LLP
411 Borel Avenue, Suite 603
San Mateo, CA 94402
Tel.: (650) 812-3400 | Fax: (650) 812-3444
Email: yorio@carrferrell.com

Andrew Thompson Gorham
State Bar No. 24012715
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Tel: (903) 934-8450 | Fax: (903) 934-9257
Email: tom@gillamsmithlaw.com

*Attorneys for Defendants*
*MAKE IDEAS, LLC AND KEITH MULLIN*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 25th day of January, 2023.

/s/ Robert J. Yorio
Robert J. Yorio