UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a/ PETMATE, | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-1098-B |
| MAKE IDEAS, LLC and KEITH MULLIN, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Doskocil Manufacturing Company, Inc. d/b/a Petmate ("Petmate")'s Motion to Enforce Term Sheet and Dismiss Case (Doc. 107). Defendants Make Ideas, LLC and Keith Mullins ("Make Ideas") do not dispute the enforceability of the parties' term sheet agreement. *See* Doc. 108. Having reviewed the parties' motion papers, the underlying term sheet settlement agreement, and the record, the Court **GRANTS** Plaintiff's Motion.

### I.

### BACKGROUND

On February 2, 2023, the parties agreed to settle this lawsuit through a signed and expressly binding Settlement Term Sheet Agreement ("Settlement"). Doc. 107, Mot., 1; Doc. 107-1, Settlement. The next day, the parties filed a Notice of Settlement and sought a forty-five day stay to all case deadlines "so that the settlement agreement can be finalized, and appropriate dismissal papers submitted." Doc. 99, Joint Mot., 1. The Court granted the parties' joint motion to stay all

case deadlines, ordering the parties to file a stipulation of dismissal or agreement final judgment by March 20, 2023 (Doc. 100). The parties began negotiating their finalized settlement agreement and eventually abandoned those efforts in pursuit of an addendum to the Settlement. Doc. 107, Mot., 1. After granting three extensions of the stay, the Court informed the parties that no further extensions would be granted without a showing of good cause. *See* Doc. 106, Order.

On May 17, 2023, with no addendum executed, Petmate filed the instant motion seeking to enforce the Settlement. In their Response, Make Ideas acknowledged that the Settlement is "binding and enforceable." Doc. 108, Resp., 1. Make Ideas also asked the Court to first allow the parties to finalize an addendum to the Settlement prior to requiring them to file of a joint stipulation of dismissal. *Id.* at 3. Make Ideas estimated the negotiations concerning the addendum would be completed by June 12, 2023. *Id.* However, as of June 21, 2023, the parties had not executed an addendum. Doc. 109, Reply, 2.

## II.

## LEGAL STANDARD

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Whether to grant a motion to enforce a settlement agreement is a decision committed to the discretion of the district court. *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-CV-1124-G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (J., Fish) (citing *Deville v. U.S. Dept. of Veterans Affairs*, No. 06-30252, 2006 WL 2985918, at *1 (5th Cir. 2006)). A district court may enforce a valid settlement agreement "where one party to a suit has initially agreed to a settlement but later refuse[s] to execute a formal agreement reciting the terms of the settlement." *Id.*

To determine the validity of a settlement agreement, a federal court sitting in diversity applies the law of the forum state. *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (citing *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995)). Texas law applies in this case, and Rule 11 of the Texas Rules of Civil Procedure in particular controls this settlement agreement. *Turner v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2015 WL 181762, at *1 (N.D. Tex. Jan. 14, 2015) (J., Lynn) (citing *Cavallini*, 44 F.3d at 266; *Williamson*, 947 F. Supp. 2d at 707). To be valid, the settlement agreement must either be (1) in writing, signed, and filed with the papers of the court, or (2) made in open court and entered of record. TEX. R. CIV. P. 11.

## III.

## ANALYSIS

The Court finds that the parties' settlement agreement is enforceable. There is no dispute that the Settlement was in writing, signed by the parties, and filed with this Court as an attachment to Petmate's Motion on May 17, 2023. Doc. 107-1, Settlement; *see* TEX. R. CIV. P. 11. In signing the Settlement, the parties accepted specified consideration in exchange for releasing "each other from all claims known or unknown" including those arising from this action. Doc. 107-1, Settlement, 3. The parties further agreed to several concrete "Monetary Deal Points," including a minimum annual royalty payment defined for each year up until 2026, and "Nonmonetary Deal Points," including mutual agreement as to the parties' respective ownership of patents and trademarks raised in Plaintiff's Amended Complaint. *Compare id.* at 1–3 *with* Doc. 81, Am. Compl., ¶¶ 21-48; *see also Turner*, 2015 WL 181762, at *1 (explaining enforceable agreements must contain all material terms and be sufficiently definite).

Defendants do not offer any argument against enforcing the Settlement, nor do they dispute the agreement is binding and enforceable. Doc. 108, Resp. Indeed, the Settlement itself expressly contemplates enforcement. *E.g.*, Doc. 107-1, Settlement, 1, 3. Thus, the Court finds the Settlement to be valid and to unambiguously bind the parties to sufficiently definite settlement terms.

In addition, the Court finds no change in circumstance warranting a repudiation of the Settlement. *See Bell*, 36 F.3d at 449 ("Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." (citation omitted)). The parties agreed to execute a "more formal settlement agreement within 30 days" from February 2, 2023—the date of the Settlement. Doc. 107-1, Settlement, 1. The parties instead decided sometime in May 2023 to negotiate an addendum to the Settlement. Doc. 108, Resp., 2; *see also* Doc. 107, Mot., 1–2. Although Defendants note that the anticipated addendum would add new provisions and clarify sections of the Settlement, Doc. 108, Resp., 3, neither party suggests that the negotiated addendum would contain material deviations or differences from the Settlement.[1] As of June 2023, the parties could not agree on an addendum and the Court has not been advised of any executed addendum. Doc. 109, Reply, 1.

It is nearly a year since the parties executed their Settlement. Their long-drawn negotiations over a potential addendum suggest one or both parties are, at least tacitly, refusing to execute any future agreement "reciting the terms of the settlement." *See Weaver*, 2010 WL

---

[1] In finding that the Settlement and contemplated addendum do not materially differ, the Court does not purport to state that they are identical, merely that the differences between the two would not warrant a change in circumstance. *See Bell*, 36 F.3d at 449; *Weaver*, 2010 WL 1904561, at *2.

1904561, at *2. Both parties in fact acknowledge that a negotiated addendum may never come to fruition. Doc. 108, Resp., 2; Doc. 109, Reply, 2. Given these circumstances, the Court concludes that exercising its discretionary power to enforce the Settlement is appropriate. Moreover, the Court finds that dismissal with prejudice is warranted given the parties' prior agreement to unconditionally and "jointly file a stipulation of dismissal *with prejudice* of the Action." Doc. 107-1, Settlement, 1 (emphasis added).

Having determined that the parties entered an enforceable settlement agreement, the Court **GRANTS** Plaintiff's Motion to Enforce Term Sheet and Dismiss Case.

**SO ORDERED.**

**DATED January 2, 2024**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE